COUNTY COMMISSIONERS, *Petitioners for location of public lots.*

30  221
88  227

Unfinished processes commenced by the County Commissioners, for setting off the public lots in unincorporated places, under the act of 1842, were defeated by the act of 1848, transferring the care of the public lots to agents, appointed by the governor and council.

Such processes are not embraced in the clause of the latter act, " saving all actions now pending and causes of action already accrued.

THIS was an application to the District Court, RICE, J. for the appointment of commissioners to set off the public lots in an unincorporated township. After notice duly published, William Lowell, Jacob Lowell and Stephen Jewell appear, representing themselves to be part owners of the land, and resisting the prayer of the petition. The matter stood continued till the January term of that Court, 1849, at which term the said respondents moved that the petition be dismissed, because they say that, by an act of the Legislature, passed August 11, 1848, entitled an act in relation to land reserved for public use, the power of said commissioners to have the location, as prayed for, is abrogated.

The motion was overruled, and the respondents excepted.

*J. S. Abbott*, for respondents.

The motion should have been allowed. The act of 1848 takes from the County Commissioners all power over the public lots, and vests it in county agents. And there is no saving clause for allowing them to proceed in cases then pending. The law, under which they formerly had the power, has been unconditionally repealed. *Cummings* v. *Chandler*, 26 Maine, 453, and cases there cited.

But if the motion to dismiss should not succeed, it is contended that no further proceedings can be had here, than to remit the case to the District Court. The respondents have other objections to interpose, which have not yet been presented.

*Hutchinson*, for petitioners.

The proceedings are in conformity to the laws in force when

the petition was filed. Statute 1842, of chap. 33, sect. 21, 22 and 23.

The care of the public lots has since been transferred to agents, appointed by the executive ; but all actions and rights of action are saved. Stat. 1848, chap. 82, sect. 6.

The location of public lots in pursuance of stat. 1842, chap. 33, is an *ex parte* proceeding, notice not being required. Adverse parties have no right to appear and interfere with the doings of the District Court. *Farrar & al.* v. *Loring & al.* 26 Maine, 207 ; case decided in Franklin county, June term, 1848, not reported.

SHEPLEY, C. J. orally.— It is urged by the counsel for the County Commissioners, that this is a mere *ex parte* proceeding, and that no person should be allowed to appear and oppose it. The statute does not expressly provide for the appearance of other parties, yet it is obvious they may have important rights.

But whether such parties would or would not have the right to appear, the law upon the other question presented may be decisive of the case.

The act of 1842 authorizes this course of procedure. But the act of 1848 has transferred the power from the County Commissioners to agents appointed by the executive, and it makes no provision for saving such processes already then commenced. It repeals entirely the act of 1842. The only room for question is, whether this process is embraced within the clause, " saving all actions now pending, and causes of action already accrued." Is this an action pending? An action is pending, only where there are different parties, having conflicting interests. This process is not of that character. It is not brought to establish any rights. It relates to property about which there is no controversy.

The commissioners had been authorized to institute actions, to recover for trespasses, and the language of the saving clause is appropriate to such suits, and not to applications like the present. *Exceptions sustained. Petition dismissed.*